## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Newport News Division

**JOHN CRISTOPHER ELDER,**

      **Petitioner,**

v.                                                          **No.  4:22-cv-00002-AWA-DEM**

**HAROLD W. CLARKE,**
**Director of the Virginia D.O.C.,**

      **Respondent.**

### REPORT AND RECOMMENDATION

Pro se Petitioner John Christopher Elder ("Elder" or "Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2254 to overturn his state convictions stemming from his possession of explosive material.   Specifically, Petitioner alleges deprivation of his jury trial right and unconstitutional sentencing.  Respondent Harold W. Clarke, Director of the Virginia Department of Corrections ("Respondent"), moved to dismiss the Petition, arguing that Elder had failed to exhaust his state remedies and is now procedurally defaulted.   Along with the motion, Respondent provided the notice to pro se parties required by Local Rule 7(K) and the Fourth Circuit's decision in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  Plaintiff amended his first claim to one of ineffective assistance of counsel, which Respondent also moved to dismiss because the state court decision on the matter was owed deference.  The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Because Petitioner's claims are exhausted and procedurally defaulted or otherwise barred from federal review, the undersigned recommends that Respondent's motions to dismiss be granted.

## I.   <u>STATEMENT OF THE CASE</u>

On March 23, 2016, at a bench trial in the Circuit Court for the City of Newport News, Elder was convicted of two felonies under Virginia Code § 18.2-85 for (1) possession of explosive materials with intent to manufacture explosive device or fire bomb, and (2) possession of fire bomb, explosive material or device.  Resp't Mem. Supp. Rule 5 Answer & Mot. Dismiss ("Resp't Mem.") Ex. A (ECF No. 10-1).  Elder was sentenced to a combined total of 14 years, with 12 years and 4 months suspended, on these counts.  <u>Id.</u> at 4.  Petitioner is no longer incarcerated, <u>see</u> Pet. (ECF No. 1, at 1), but Elder's suspended sentence remains in effect for 14 years from sentencing and includes conditions such as good behavior, Resp't Mem. Ex. A (ECF No. 10-1, at 4).

### A.   State Court Appeals

Elder appealed his conviction to the Court of Appeals of Virginia, "contend[ing] that the evidence was insufficient to support the convictions."  <u>Elder v. Clarke,</u> No. 0964-16-1 (Va. Ct. App. Dec. 30, 2016), Resp't Mem. Ex. B (ECF No. 10-2, at 1).  The court denied his petition for appeal on December 30, 2016.  <u>Id.</u> at 4.  In denying the appeal, the Court of Appeals noted that, under the applicable standard, it could reverse only if "the trial court's decision . . . [was] plainly wrong or without evidence to support it."  <u>Id.</u> at 3 (quoting <u>Kelly v. Commonwealth,</u> 584 S.E.2d 444, 447 (Va. 2003)).  Petitioner appealed to the Supreme Court of Virginia but was denied on January 31, 2019.  <u>Elder v. Clarke,</u> No. 170457 (Va. Jan. 31, 2019), Resp't Mem. Ex. B (ECF No. 10-2, at 6).  Reconsideration was denied in March 2019.  <u>Id.</u> at 7.

2

**B.     State Court Habeas Petition**

Elder timely filed his petition for a writ of habeas corpus in the Circuit Court for the City of Newport News, Virginia.  State Pet., Resp't Mem. Ex. C ("State Pet.") (ECF No. 10-3).  He raised four claims, including the following relevant claim as quoted by the state habeas court:

a.      Petitioner claims that he was given incomplete and misleading information by counsel that would dissuade any rational person from invoking the right to trial by jury.  Specifically, that he was misinformed that he would not be able to present character evidence at a jury trial.[1]

i.      Petitioner asserts, as a separate claim, deprivation of the Due Process Right of Trial by Jury resulting from ineffective assistance of counsel for the same reasons.

Elder v. Clarke, No. CR20H00286 (Va. Cir. Ct. Apr. 7, 2020), Resp't Mem. Ex. D (ECF No. 10-4, at 2-3) (quoting State Pet. (ECF No. 10-3)) (cleaned up).  None of Petitioner's claims challenged the constitutionality of the sentencing scheme applied to him.[2]

The state habeas court dismissed Elder's petition on April 7, 2020.  Elder, No. CR20H00286 (ECF No. 10-4, at 12).  Regarding Claim a(i)—Petitioner's Due Process claim— the court concluded that it was "not cognizable in habeas corpus because it allege[d] a trial error, which could have been raised on appeal," and was thus barred under Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974) (holding that habeas petitions "may not be employed as a substitute

---

[1] In his opposition to Respondent's motion to dismiss in this court, Petitioner emphasizes that Claim (a) as presented in his state habeas petition is properly summarized as follows:

Petitioner claims ineffective assistance of counsel by his trial attorney on the grounds that his trial attorney dissuaded him from electing a jury trial by giving him false information, information that any trial attorney should have known to be false.  Specifically, that the Commonwealth would suppress evidence through a motion in limine regarding both intent and character only if a jury trial was not waived.  Implied by this, the waiver of trial by jury was not made voluntarily and intelligently because it was obtained by either fraud, coercion, undue influence, or a mistake of fact.

Pet.'s Opp'n Mot. Dismiss (ECF No. 14, at 2 (emphasis in original)).

[2] Petitioner challenged his counsel's performance on several other grounds, as well as the Virginia Court of Appeal's jurisdiction to decide his case.  Elder, No. CR20H00286 (ECF No. 10-4, at 2-3) (quoting State Pet. (ECF No. 10-3)).  The court denied these grounds as well.  Id. at 12.

3

for an appeal or a writ of error"). Id. at 4. Elder's ineffective assistance of counsel claims, including Claim (a) as relevant here, were dismissed because they did not satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668 (1984). Id. at 6-12. The court's opinion is discussed in further detail below.

The Supreme Court of Virginia rejected Elder's habeas appeal on October 1, 2021, and his petition for rehearing on November 22, 2021. Record No. 201278.

C.    **Federal Habeas Petition**

On January 11, 2022, Elder filed his petition in this court. He challenges his convictions by asserting various violations of his federal rights, as quoted from his Petition:

> Ground One:   Petitioner contends that his 6th Amendment Right to Trial by Jury under the U.S. Constitution which has been incorporated against the states under the Due Process Clause of the 14th Amendment was violated.

> Ground Two:   Petitioner contends that the sentencing scheme contained in [Va. Code §] 18.2-85 violates the 14th Amend[ment] Equal Protection Clause of the United States Constitution. This is both a facial and as-applied challenge.

Pet. (ECF No. 1, at 5, 7). In the memorandum accompanying his Petition, Elder elaborates that Ground Two is a constitutional violation because he was charged with a "greater included offense," which he defines as "occur[ring] where the elements of one crime, a crime that carries a relatively higher penalty, are all present within the elements of a crime that carries a lesser penalty." Pet. Attach. 1 (ECF No. 1, at 19). Elder alleges that he was charged under Virginia Code § 18.2-85 (a class 5 felony with a maximum penalty of 10 years) when he could alternatively have been charged under § 18.2-308.2 (a class 6 felony with a maximum penalty of 5 years). Id. at 19-20. He claims that because his sentence under § 18.2-85 exceeded the maximum under § 18.2-308.2, the alleged excess sentence is void. Id. at 21.

Respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support,

4

arguing that Elder's claims were simultaneously exhausted and procedurally barred.  Resp't Mem. (ECF No. 10, at 5).  Petitioner then moved to amend Ground One of his Petition, (ECF No. 13), to clarify that he intended to raise an ineffective assistance of counsel claim as follows:

> Amended Ground One:  Petitioner claims ineffective assistance of counsel by his trial council [sic] and that as a result of this ineffective assistance his waiver of the Right to Trial by Jury was not voluntarily and intelligently made.

Pet'r's Opp'n Mot. Dismiss, Amend., & Reply ("Pet'r Opp'n") (ECF No. 14, at 2).  Respondent did not oppose Petitioner's motion, which the court then granted.  (ECF No. 15).

Petitioner also opposed Respondent's motion to dismiss, arguing on Amended Ground One that he "acted pro se on his state Habeas Petition and its appeal," and that under Virginia law, "a claim of ineffective assistance of council [sic] must be brought on collateral attack." Pet'r Opp'n (ECF No. 14, at 3).  On Ground Two, Elder argues that his claim was novel, providing him cause, and that he was "held under a constitutionally impermissible sentence," and thus prejudiced.  Id. at 3-5.

Respondent had opportunity to respond to Petitioner's Amended Ground One, (ECF No. 15), which he did, arguing that the state court's merit-based decision on this claim was entitled to 28 U.S.C. § 2254(d) deference, ("Resp't Reply") (ECF No. 16, at 3-8).  Petitioner was granted an opportunity to file a sur-reply brief, (ECF No. 18), which he did, ("Pet'r Sur-Reply") (ECF No. 20).  Petitioner's sur reply resists deference to the trial court's decision, arguing that the Commonwealth of Virginia interfered with his counsel's representation and that the two-part test in Strickland does not apply to his ineffectiveness claim.  Id. at 5.

## II.   <u>STANDARD OF REVIEW</u>

A motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true."[3]  <u>Francis v. Giacomelli,</u> 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted) (discussing Fed. R. Civ. P. 12(b)(6)); <u>see also Goard v. Crown Auto, Inc.,</u> 170 F. Supp. 3d 915, 917 (W.D. Va. 2016) (noting that a "motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim"). A complaint is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." <u>Ashcroft v. Iqbal,</u> 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S. 544, 570 (2007) (cleaned up)).   Factual allegations cannot require speculation or merely be conceivable.  <u>See Iqbal,</u> 556 U.S. at 678; <u>Twombly,</u> 550 U.S. at 555.   This inquiry is "context-specific."  <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,</u> 591 F.3d 250, 256 (4th Cir. 2009).

In considering a motion to dismiss, the "court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." <u>E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,</u> 637 F.3d 435, 440 (4th Cir. 2011) (citing <u>Sec'y of State for Defence v. Trimble Navigation Ltd.,</u> 484 F.3d 700, 705 (4th Cir. 2007); <u>Phillips v. LCI Int'l Inc.,</u> 190 F.3d 609, 618 (4th Cir. 1999)).   The court "may consider documents attached to the complaint or the motion to dismiss so long as they are integral to the complaint and authentic."  <u>Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.,</u> 684 F.3d 462, 467 (4th Cir. 2012) (quoting <u>Philips v. Pitt Cnty. Mem'l Hosp.,</u> 572 F.3d 176, 180 (4th Cir. 2009)) (cleaned up).

---

[3] Respondent moved to dismiss the Petition but cited Rule 56(b).  This Report recommends deciding this motion as a motion to dismiss.

## III.   ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody[4] over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).   In this case, Petitioner contends that he was deprived of his right to a jury trial, caused by the ineffective assistance of his counsel, and that the sentencing scheme under which he was charged was unconstitutional.  Pet. (ECF No. 1, at 5, 7); Pet'r Opp'n (ECF No. 14, at 2).   However, his claims regarding ineffective assistance of counsel are barred from federal review because he has not satisfied the doubly deferential standard necessary to obtain review of this Strickland claim under § 2254(d).  Further, because he failed to challenge the constitutionality of the sentencing scheme with the state courts, his claim is exhausted and procedurally defaulted.  He has not alleged sufficient grounds to excuse the default.  This Report thus recommends granting Respondent's motion and dismissing Elder's petition for writ of habeas corpus under 28 U.S.C. § 2254.

### A.   Petitioner's Original Claim Under Ground One—Right to a Jury Trial—Is Defaulted.

Although Petitioner amended Ground One, Pet'r Opp'n (ECF No. 14, at 2), apparently abandoning his Sixth Amendment claim, I will address it briefly.  In the Petition, Elder alleged

---

[4] Section 2254 is only available to state prisoners who are "in custody" when they filed the petition.  28 U.S.C. § 2254(a).  Custody is "liberally construed" to include more than

> physical detention in a prison or jail, but also including other restraints on petitioner's liberty that are not shared by the public generally.  A person subject to a suspended sentence of imprisonment remains in custody for the purposes of § 2254 so long as he may be reincarcerated if he violates the terms and conditions of his suspended sentence.

Jasper v. Braxton, No. 7:11CV00210, 2012 WL 844442, at *2 (W.D. Va. Mar. 12, 2012) (first quoting Jones v. Cunningham, 371 U.S. 236, 240 (1963); and then quoting Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968)) (cleaned up).

While Petitioner is no longer incarcerated, Pet. (ECF No. 1, at 1), the court suspended 12 years and 4 months of his imposed sentence for 14 years, with conditions, Resp't Mem. Ex. A (ECF No. 10-1, at 4).  Elder is thus in custody for the purposes of § 2254.

that his Sixth Amendment jury trial right was violated because counsel's advice persuaded him to waive it. Pet. (ECF No. 1, at 5); see also Pet. Attach. 1 (ECF No. 1, at 17). This claim was presented to the Circuit Court for the City of Newport News, which dismissed it as procedurally barred. Elder, No. CR20H00286 (ECF No. 10-4, at 2-3, 4-5) (quoting State Pet. (ECF No. 10-3)). Respondent argues that Ground One is thus defaulted. Resp't Mem. (ECF No. 10, at 6-7).

Ground One cannot be reviewed in this court. "A habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and clearly and expressly denied on the independent, adequate state ground of procedural default." Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996) (citing Harris v. Reed, 489 U.S. 255, 263 (1989); Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). The Supreme Court of Virginia's decision in Slayton, under which the state court dismissed Petitioner's claim, "constitutes an adequate an independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (quoting Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997)). Procedural default can be excused if the petitioner "is able to show just cause for his default and prejudice resulting therefrom." Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (citing Wainwright v. Sykes, 433 U.S. 72 (1997)). However, Elder has made no attempt to excuse his failure, instead choosing to amend his Petition. See Pet'r Opp'n (ECF No. 14). Thus, his original Ground One does not warrant relief.

**B.    Elder's Claim Under Amended Ground One Fails Because the State Court's Holding that He Cannot Satisfy Strickland v. Washington Was Reasonable.**

In his Amended Ground One, Elder alleges ineffective assistance of counsel that rendered his jury trial waiver involuntary. Id. at 2. Petitioner squarely presented this claim in his state habeas petition, claiming that counsel gave him "incomplete and misleading information" about his ability to introduce character evidence, which persuaded him to waive his jury trial right.

8

Elder, No. CR20H00286 (ECF No. 10-4, at 2) (quoting State Pet. (ECF No. 10-3)). Petitioner alleges an identical factual basis for his ineffectiveness claim in this court. Compare Pet. Attach. 1 (ECF No. 1, at 17), with State Pet. (ECF No. 10-3, at 9-10); see also Pet'r Opp'n (ECF No. 14, at 2) (incorporating the same facts with Amended Ground One). The Circuit Court for the City of Newport News found that this claim could not "satisfy either prong of the Strickland test," dismissing it. Elder, No. CR20H00286 (ECF No. 10-4, at 9). The Supreme Court of Virginia refused to hear an appeal. Record No. 201278. Elder has thus exhausted his state court remedies. See 28 U.S.C. § 2254(b)(1).

But exhaustion is only the first hurdle. Under § 2254(d) of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant relief on any claim that a state court adjudicated on the merits[5] unless the decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). As the first exception does not apply,[6] the relevant question is whether the state court unreasonably applied "the rules for determining when a criminal defendant has received inadequate representation as defined in Strickland." Daniels v. Clarke, No. 2:19CV523, 2020 WL 7931920, at *5 (E.D. Va. Dec. 7, 2020) (quoting Premo v. Moore, 562 U.S. 115, 121 (2011)), R. & R. adopted by 2021 WL 39881 (Jan. 5, 2021). "The

---

[5] "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011).

[6] The state court applied Strickland, 466 U.S. 668, the prevailing law on ineffectiveness claims. Elder, No. CR20H00286 (ECF No. 10-4, at 6). Respondent argues briefly that the state habeas court did not unreasonably apply clearly established federal law because the court relied on Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994), and Nix v. Whiteside, 475 U.S. 157, 175 (1986). Resp't Reply (ECF No. 16, at 8). Although Elder argues that the state court "unreasonably applied an incorrect standard of review contrary to clearly established U.S. Supreme Court precedent," Pet'r Sur-Reply (ECF No. 20, at 2), the court does not agree because Strickland is the prevailing legal standard for Petitioner's claim. Petitioner's arguments are evaluated under 28 U.S.C. § 2254(d)(2).

focus of federal court review is now the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997).

The Strickland test has two parts—the "performance" and "prejudice" prongs—which must both be satisfied. See Moore v. Stirling, 952 F.3d 174, 185-86 (4th Cir. 2020), cert. denied, 141 S. Ct. 680 (2020) (citing Strickland, 466 U.S. at 687-96). The "performance" prong of the test requires that "counsel's representation fell below an objective standard of reasonableness" such that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 688. The "prejudice" prong requires that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The prongs "are separate and distinct elements," and the absence of either is fatal to an ineffectiveness claim. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

However, because the state court already concluded that Petitioner cannot satisfy either prong, Elder must meet an increased burden under § 2254(d):

> The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Premo, 562 U.S. at 122-23 (quoting Harrington, 562 U.S. 86, 105 (2011)) (internal citations omitted); cf. Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). The Fourth Circuit has

called this "double deference," requiring "deference to the state court judgment granting deference to trial counsel's performance." Burr v. Lassiter, 513 F. App'x 327, 340 (4th Cir. 2013) (unpublished). Thus, to prevail in this habeas action, Elder must plausibly allege that there is no reasonable argument that his trial counsel's advice[7] was constitutionally effective. See Harrington, 562 U.S. at 103 (requiring the state court ruling be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement"). Elder has not done so.

### 1. Petitioner cannot establish Strickland's performance prong.

Elder has not plausibly alleged that the state court acted unreasonably in finding that his counsel's performance did not fall below "an objective standard of reasonableness" here. Strickland, 466 U.S. at 688; see also 28 U.S.C. § 2254(d)(2). The difficult burden is on Petitioner to show that counsel's performance was deficient because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 46 U.S. at 690. In fact, there is "a heavy measure of deference to counsel's judgments." Id. at 691; see also Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993) (finding that "[a] lawyer's performance is entitled to a strong presumption of reasonableness" (citing Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989)). The state court reasonably found that Elder had not established the performance prong.

In this case, the state court found that Petitioner's "fatal" flaw was his "fail[ure] to proffer the particular character evidence at issue." Elder, No. CR20H00286 (ECF No. 10-4, at 8). The

---

[7] For the purposes of a motion to dismiss, the court assumes that Elder's allegations are true. See Francis, 588 F.3d at 192. However, the court observes that, apart from the unsworn argument in his briefing, Petitioner has not submitted any evidence that his counsel gave him this advice. Compare State Pet. (ECF No. 10-3, at 11) (alleging email showing that counsel "both stated such a motion by the prosecutor was drafted and that it would succeed"), with State Pet. Ex. A (ECF No. 10-3, at 17) (email chain from counsel stating vaguely that someone was "pulling off the motion in limine").

state court found that, without the contested evidence, it could not evaluate the reasonableness of counsel's advice. Id. (citing cases). Nowhere in his state court pleadings did Petitioner identify the kind of character evidence he desired to present to a jury.[8] See Cullen v. Pinholster, 563 U.S. 170, 180-81 (2011) (limiting federal review to the state court record). He only alleged that his "claim [could] be evidenced by emails, witness testimony, and recorded jail conversations at an evidentiary hearing."[9] State Pet. (ECF No. 10-3, at 10); see also Pet. Attach. 1 (ECF No. 1, at 17). This statement is not sufficiently specific to meet Petitioner's burden. A court cannot apply Strickland "without a specific, affirmative showing of what the missing evidence or testimony would have been," without which "it is very difficult to assess whether counsel's performance was deficient" in some way. Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (quoting United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir. 1991)); see also Hedrick v. Warden, 570 S.E.2d 840, 862 (Va. 2002) (holding that without evidence, Strickland is not satisfied). The state court's holding on this prong was therefore reasonable.

### 2. Petitioner cannot establish Strickland's prejudice prong.

Similarly, there is no evidence that counsel's representation caused Elder any discernable prejudice. The underlying inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986); see also

---

[8] Nor has Petitioner identified the evidence in this court. See Pet. Attach. 1 (ECF No. 1, at 17). However, even if Petitioner had identified the evidence for the first time in this court, federal review would be prohibited because "new evidence submitted in federal court that fundamentally alters a claim presented in state court will render that claim unexhausted." Winston v. Pearson, 683 F.3d 489, 497 (4th Cir. 2012).

[9] The state court did not grant an evidentiary hearing. Elder, No. CR20H00286 (ECF No. 10-4, at 12); see also Friedline v. Commonwealth, 576 S.E.2d 491, 494 (Va. 2003) (holding that need for evidentiary hearing is "case-by-case"). However, in light of Petitioner's failure to submit any evidence to the state court, the state court's foreclosure of this opportunity likely does not permit this court to review the claim de novo, even if Petitioner were to submit new evidence. See Pearson, 683 F.3d at 496-97; see also Riley v. Medeiros, No. 14-cv-14401, 2016 WL 4408984, at *7 (D. Mass. Aug. 16, 2016), aff'd 2017 WL 7833764 (1st Cir. 2017).

Strickland, 466 U.S. at 694 (defining "reasonable probability" as "a probability sufficient to undermine confidence in the outcome"). The state court found that Elder's "allegation that but for counsel's advice he would have elected a jury trial" did not establish prejudice, stating that Elder's "argument presupposes that a jury would have come to a different conclusion." Elder, No. CR20H00286 (ECF No. 10-4, at 8-9). The state court also clarified that it was meritless to suppose that "character evidence might have led a jury to find him not guilty on the strength of his character rather than the sufficiency of the evidence," id. at 9, because "a defendant has no entitlement to the luck of a lawless decisionmaker," id. (quoting Nix v. Whiteside, 475 U.S. 157, 175 (1986)). Because Strickland requires Petitioner to demonstrate that "the result of the proceeding would have been different" without counsel's conduct, the state court's holding is reasonable. Strickland, 466 U.S. at 694 (emphasis added). And as with performance, without reviewing the character evidence, it is "nearly impossible to determine whether [Elder] was prejudiced by any deficiencies in counsel's performance." Anderson, 18 F.3d at 1221 (quoting Partee, 926 F.2d at 701).

In his opposition, Petitioner argues that the holding of the Supreme Court of the United States in Martinez v. Ryan, 566 U.S. 1 (2012), permits him to bring his claim in this court. Pet'r Opp'n (ECF No. 14, at 3). Martinez established a test to determine whether a petitioner can show cause to excuse procedural default of an ineffective assistance claim because of inadequate representation in state habeas proceedings. Martinez, 566 U.S. at 9. In that case, the petitioner's counsel had effectively conceded during initial-review collateral proceedings that he had no meritorious claims (including ineffective assistance of counsel). Id. at 18. Here, Elder squarely presented his Sixth Amendment-based ineffectiveness claim to the state court. See State Pet. (ECF No. 10-3, at 9-11). The state court heard and decided that claim on the merits, as discussed

above.  See Elder, No. CR20H00286 (ECF No. 10-4, at 8-9).  Because Elder's ineffectiveness in Amended Ground One claim is not procedurally defaulted, his claim does not fall within Martinez's narrow exception.

Petitioner also newly asserts in his sur-reply brief that his claim is based on "state interference with counsel's assistance" because "the Commonwealth put improper pressure on defense counsel . . . to convince the defendant" to waive his jury trial right, which he asserts avoids Strickland's two-part test.  Pet'r Sur-Reply (ECF No. 20, at 4) (citing Strickland, 466 U.S. at 692).  However, Strickland concerns defense counsel's performance, on which—even if the court assumes as true the alleged factual allegations—Petitioner's allegations are focused.  And while Strickland observes that the prejudice prong can be avoided with certain types of state interference, those cases involve clear government interference (such as trial court orders or statutes) or the entire absence of counsel.  See Strickland, 466 U.S. at 692 (citing United States v. Cronic, 466 U.S. 648, at 659 & n.25 (citing cases)).  These are not analogous to the case here, and Petitioner has failed to plausibly allege otherwise.  Accordingly, Petitioner's new arguments to avoid Strickland fail.

**C.    Petitioner's Claim Under Ground Two Is Procedurally Defaulted Under Virginia Law.**

Before applying for federal habeas relief, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies.  28 U.S.C. § 2254(b)(1)(A).  This requirement gives "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing . . . ."  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).  The prisoner must "invoke[] one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Furthermore, "[e]xhaustion generally requires that the essential legal theories and factual

allegations advanced in federal court be the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (citing cases).  The habeas petitioner bears the burden of proving that all claims are exhausted.  Breard, 134 F.3d at 619 (citing Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994)).  Elder did not present Ground Two to the Virginia courts on appeal or in his state habeas petition but raises it for the first time now with this court.[10]

A claim may be treated as exhausted if it clearly would be procedurally defaulted if presented in state court.  Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)).  Elder's claim about the constitutionality of the applicable sentencing scheme is procedurally defaulted because Virginia law prohibits successive petitions alleging grounds that were available when a petitioner first filed.  Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.").  Elder previously filed a state habeas petition, in which he did not claim that the sentencing scheme was unconstitutional. See State Pet. (ECF No. 10-3).  Virginia's bar on successive petitions bar would prevent him from raising it now.  This rule is "an adequate and independent state-law ground for decision." Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997) (citing cases).  Petitioner's Ground Two claim is thus procedurally barred from federal review.

      **1.**    **Petitioner's Procedural Default Is Not Excused Because He Has Not Demonstrated Cause and Prejudice.**

Failure to comply with state procedures prevents federal habeas review unless the petitioner can show cause to excuse the default and resulting prejudice.  Bassette, 915 F.2d at

---

[10] Petitioner asserts that the claim "was mentioned briefly on the last filing with VA Supreme Court," Pet. (ECF No. 1, at 12), but as this court does not have any records showing the claim, and the Supreme Court of Virginia rejected his habeas appeal without opinion, Ground Two is treated as unaddressed.

937 (citing Wainwright, 433 U.S. 72).  Cause requires a showing "that some objective factor external to the defense impeded [Petitioner's] efforts to comply with the State's procedural rule[.]"  Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Prejudice requires that the mistake "worked to [Petitioner's] actual and substantial disadvantage[.]"  Id. (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).  Elder has not shown cause or prejudice.

First, Petitioner alleges cause because his claim is "novel" and the "statute at question has never been challenged" under the Equal Protection Clause. Pet'r Opp'n (ECF No. 14, at 4); see also Pet. (ECF No. 1, at 12).  The existence of a novel claim "may constitute cause for a procedural default."  United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).  However, a claim is only novel when "its legal basis [was] not reasonably available to counsel" in the prior proceedings.  Reed v. Ross, 468 U.S. 1, 16 (1984).  Further, the claim is not novel if a petitioner has "the tools to construct" his objection, even if unaware of the legal basis.  Gregory v. United States, 109 F. Supp. 2d 441, 454 (E.D. Va. 2000), aff'd 30 F. App'x 55, 56 (4th Cir. 2002) (per curiam) (citation omitted).  This requirement is more exacting than proffering a "rare" or "unique" argument.  Pet'r Opp'n (ECF No. 14, at 4).  At minimum, Petitioner's claim must be "new and noteworthy."  Ganley v. Jojola, 402 F. Supp. 3d 1021, 1082 (D.N.M. Aug. 30, 2019) (reviewing legal ambiguity on whether an issue is novel).  Petitioner's claim that the sentencing scheme was unconstitutional is not novel—the sentencing scheme was in effect six years ago, when Petitioner was originally sentenced.  See Resp't Mem. Ex. 1 (ECF No. 10-1).  Therefore, a challenge to the statute was "reasonably available" to Petitioner's counsel during his sentencing.  Ross, 468 U.S. at 16.  Elder has also been aware of the charging statutes since his indictment, Resp't Mem. Ex. 1 (ECF No.

16

10-1, at 1-2), and thus he had "the tools to construct" this argument either during appellate proceedings or in his state petition, Gregory, 109 F. Supp. 2d at 454.

Elder argues that this court should not require trial lawyers to examine the charging statutes "for every possible Constitutional defect" because this would interfere with judicial efficiency. Pet'r Opp'n (ECF No. 14, at 4). But the criminal justice system depends on counsel providing reasonably effective assistance under the circumstances. Strickland, 466 U.S. at 688. And reasonably effective lawyers typically raise defenses that they consider, in their professional judgment, to be meritorious. The exhaustion requirement itself also furthers goals of judicial economy. See Wilson v. Moore, 178 F.3d 266, 272-73 (4th Cir. 1999) (requiring "a federal habeas applicant [to] develop the factual basis for a claim in state court to accommodate concerns of finality, comity, judicial economy, and channeling the resolution of claims into the most appropriate forum" (quoting Keeny v. Tamayo-Reyes, 504 U.S. 1, 8 (1992)) (cleaned up). Therefore, efficiency concerns weigh in favor of enforcing the procedural default in this case, not against it.

Nor can Elder show that "there is a reasonable probability" that the results or outcome of his sentencing would have been different. Strickland, 466 U.S. at 694. To establish prejudice for Ground Two, Elder must show that—if he had raised his "greater included offense" argument—the court would have found the statutory sentencing scheme unconstitutional and sentenced him under Virginia § 18.2-308.2 instead of Virginia Code § 18.2-85. It is not reasonably probable that this would have been the outcome.

Respondent argues that federal law does not support Elder's "greater included offense" argument.[11]   Resp't Mem. (ECF No. 10, at 9).   This phrase is generally used in the Double Jeopardy context, in which "the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense."   Brown v. Ohio, 432 U.S. 161, 169 (1977).   Petitioner acknowledges there is no clear terminology for his claim.   Pet'r Opp'n (ECF No. 14, at 3) (arguing that his use of the term "should not be confused with . . . a double jeopardy claim").   More importantly, however, Petitioner was not entitled to be charged with a lesser offense when his actions established the greater.   See United States v. Blankenship, 548 F.2d 1118, 1120 (4th Cir. 1976) ("[I]f there is no dispute about the additional fact or facts which . . . constitute a greater offense charged originally in the indictment, then the defendant has no right to a lesser included offense charge to the jury." (quoting citation omitted); Dandridge v. Commonwealth, 852 S.E.2d 488, 493 (Va. Ct. App. 2021) (finding that a defendant is only "entitled to an instruction for a lesser-included offense if a jury could rationally find the defendant guilty of the lesser offense yet acquit him of the greater" (quoting citation omitted) (cleaned up)).   Elder has also proffered here that the "lesser included offense," Va. Code § 18.2-308.2, includes one additional element beyond the greater offense—that the defendant be a felon—which prevents it from being a lesser included offense under the common meaning of that term.[12]   Pet. Attach. 1 (ECF No. 1, at 20).   Therefore, there is no clearly established law that

---

[11] In making this argument, Respondent is not replying to Petitioner's claims of prejudice but arguing that the exception in 28 U.S.C. § 2254(d)(1) does not apply.   Resp't Mem. (ECF No. 10, at 9).   However, § 2254(d)(1) applies to claims that a state court "adjudicated on the merits," which Ground Two was not.

Respondent additionally claims that because there is no clearly established federal law on this argument, Ground Two can be dismissed under § 2254(b)(2) for "failing to establish grounds for relief."   Resp't Mem. (ECF No. 10, at 9-10).   Because the court dismisses this claim for failure to exhaust, this argument is not addressed.

[12] The test for a lesser included offense "is whether the greater of the two offenses includes all of the elements of the lesser offense."   United States v. Drummond, 925 F.3d 681, 693 (4th Cir. 2019).

would render the sentencing scheme unconstitutional.  As such, it is not reasonably probable that the sentencing court would have sentenced Elder under Va. Code § 18.2-308.2.  Because Petitioner cannot show cause or prejudice, his procedural default of Ground Two is not excused.

### 2. Petitioner's Failure Is Not Excused Because There Was an Available State Corrective Process.

Petitioner has also argued that his failure to exhaust should be excused because there was "an absence of available State corrective process" for him to challenge the constitutionality of the sentencing scheme. Pet. (ECF No. 1, at 12) (citing 28 U.S.C. § 2254(b)(1)(B)(i)).  However, Petitioner also states that his challenge is one "that could only be brought up during sentencing and appeal to the Virginia Court of Appeals," id., identifying at least one appropriate state court remedy that he could have pursued, see Va. Code § 17.1-406.  Therefore, this argument is without merit.

Additionally, the court's review of the record confirms that failing to review Petitioner's claims will not cause a fundamental miscarriage of justice.  Murray, 477 U.S. at 496 (allowing review when "a constitutional violation has probably resulted in the conviction of one who is actually innocent.").  The Petition does not "present[] new reliable evidence supporting a claim of actual innocence" on Elder's underlying state charges.  Sharpe v. Bell, 593 F.3d 372, 377 (4th Cir. 2010) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)) (cleaned up).  Because Elder has not shown cause excusing his failure to comply with state procedure or a fundamental miscarriage of justice, his claims regarding the constitutionality of the sentencing scheme are procedurally defaulted and barred from federal review.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that both Respondent's Motion to Dismiss, (ECF No. 8), and Respondent's Supplemental Response with Respect to

19

Petitioner's New Claim, (ECF No. 16), be GRANTED and that Elder's petition under 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice.

**V.      REVIEW PROCEDURE**

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 13, 2022

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing was mailed this date to:

**John Christopher Elder**
1748006
543 Kerry Lake Dr.
Newport News, VA 23602

A copy of the foregoing was provided electronically this date to:

**David Uberman**
Office of the Attorney General of Virginia
Criminal Appeals
202 North Ninth Street
Richmond, VA 23231

Fernando Galindo, Clerk

**E. Price**
By_____
Deputy Clerk

**May** 13
_____, 2022

22